PHILIP MAROT, surviving executor, &c., of Benjamin Franklin Leeds, deceased, complainant-appellee,

*v.*

RENE BASSETT et al.

[Decided September 28, 1923.]

On appeal from the court of chancery.

This was a bill for construction of the will of B. Franklin Leeds, deceased. The testator, after mentioning a number of pecuniary legacies and the devise of one or two minor tracts of land, provided in his will as follows:

"Before, however, any of the above bequests can be passed to those to whom they will be due the following three annuities must needs mature (end).

"These annuities are: One to Sarah Arletta Packard for the sum of sixty ($60) dollars monthly. to continue during her life and to be for her own use only.

"Another, to Anna Zillah Hadley for thirty-five dolls. ($35.) monthly to cover a period of fifteen (15) years. or less if death do determine.

"A third to the children of Irena Bassett (son of Mark S. Bassett) and the daughter and daughter-in-law of Franklin Bassett (son of Mark S.) the amount of which would be divided annually amongst the said children daughter and daughter-in-law.

"This 3rd annuity would yield about $300 a year. the probable interest upon six thousand for a period of fifteen years.

"Any income my estate° may yield in addition to the amounts of the annuities above-mentioned whilst the annuities are still running. is to be equally divided between my executor."

He then appointed his brother Josiah Leeds and the present respondent executors, and made this further provision:

"Before signing I will make this following note: In case of the death of either of the first two annuitants the principal sum from which the income of the annuity was derived shall be at once divided amongst those to whom it was willed."

The other facts relevant to the present appeal are contained in the following extracts from the conclusions filed by Vice-Chancellor Leaming:

"It is disclosed in the present suit that the fifteen years' limitation of the second and third annuities referred to in the will here in question has expired and the present bill is for determination of matters arising by reason of the termination of two annuities referred to.

"The first annuity named in the will is still in force and will continue during the life of Sarah Arletta Packard, therein named.

"The primary question presented for solution at this time is whether or not the termination of the second and third annuities renders the several bequests of money named in the will payable at this time.

"It seems to me entirely clear that the bequests of money named in the will cannot be paid until the death of Sarah Arletta Packard, the annuitant named in the first annuity, without violating the specific directions of testator.

"The provisions of the will relating to the payment of these bequests are as follows:

" 'Before, however, any of the above bequests can be passed to those to whom they will be due the following three annuities must needs mature (end).'

"The only qualification to that absolute and unqualified direction is to be found in a subsequent paragraph of the will providing as follows:

" 'Before signing I will make the following note: In case of the death of either of the first two annuitants the principal sum from which the income of the annuity was derived shall be at once divided among those to whom it was willed.'

"Since neither of the first two annuitants has died this qualification of the preceding directions above quoted obviously is in no way operative. Accordingly, it seems impossible to determine at this time that the bequests referred to have become payable without disregarding the plain directions of testator. In the last-quoted paragraph testator may

have intended that at the termination of either the first or second annuity by death or otherwise, there should be a *pro rata* distribution of a portion of the estate among the several legatees; but whether testator intended that or not he has clearly stated to the exact contrary."

The decree accordingly provided that the various bequests of money above mentioned, and which need not be stated in detail, "shall not be paid until the death of Sarah Arletta Packard, the annuitant named in the first annuity mentioned in said will."

The appeal is by Juliet Hellings Bassett, one of the legatees, from this portion of the decree, and the ground of alleged error is that "said bequests of money should be paid at this time, and payment thereof should not be postponed until the death of Sarah Arletta Packard."

*Messrs. Carr & Carroll,* for the appellant.

*Mr. Harry J. Able (Mr. Osiris D. McConnell* on the brief), for the respondent.

PER CURIAM.

The decree of the court of chancery should be affirmed, for the reasons given by Vice-Chancellor Leaming as above.

*For affirmance* — THE CHIEF-JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, VAN BUSKIRK—11.

*For reversal*—None.